U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

NOV 0 2 2009

TONY R. MOORE, CLERK
BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

LEOTHA LEE JACKSON, SR.

versus

CIVIL ACTION NO. 09-0479
JUDGE TOM STAGG

WEBSTER PARISH

### MEMORANDUM RULING

Before the court are two motions to dismiss filed by the defendant, Webster

Parish Police Jury (referred to as "Webster Parish" in the complaint). See Record

Documents 13 and 14. For the reasons stated below, the motion to dismiss for

insufficient service of process is **GRANTED**.

### I. BACKGROUND

Plaintiff, Leotha Lee Jackson, Sr., on behalf of the estate of Cleothus

Henderson ("Jackson"), filed suit against "Webster Parish of Louisiana," asserting

"violations of the Constitution of the United States of America as it pertains to

discriminations and land taking violations." Record Document 1. Although not

mentioned in the complaint, in a motion for default judgment, Jackson requested

judgment in the amount of "One Hundred Forty Six point Eight Billion Dollars

($146,008,000,000.00 in punitive and compensatory damages with twenty year leases to be established at twenty million ($20,000,000.00) annually." Record Document 7 (errors contained in original).

As the governing authority of Webster Parish, the Webster Parish Police Jury filed two motions to dismiss, contending that (1) Jackson's complaint should be dismissed for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and (2) Jackson's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. See Record Documents 13 and 14.

## II.  LAW AND ANALYSIS

As stated, the Webster Parish Police Jury filed the instant motions to dismiss, arguing two bases for dismissal of Jackson's claims.   Although either of the defendant's arguments would prove successful and result in dismissal of the claims, the following analysis will focus upon the insufficiency of service of process.

The burden is on Jackson to establish jurisdiction when challenged by the defendant. See Familia De Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1138 (5th Cir. 1980).  Specifically, when service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.  See Sys. Signs

2

<u>Supplies v. U. S. Dep't of Justice</u>, 903 F.2d 1011, 1013 (5th Cir. 1990); <u>Familia De</u>

<u>Boom</u>, 629 F.2d at 1139 (citing 5 Wright & Miller, <u>Federal Practice and Procedure</u>

§ 1353 (1969)). Jackson's attempted service has been challenged.

Jackson filed two "proofs of service" in the record. The first proof of service,

dated April 17, 2009, stated:

> I declare under penalty of perjury that I served the summons and complaint in this case on Webster Parish (Defendant), by Michelle Dean (1) personally delivering a copy of each to the individual at this place, 410 Main st. Webster Parish LA.

Record Document 5 (errors contained in original). Michelle Dean then signed the

document on the signature line entitled "Server's signature" and did not print her

name and title or her address in the lines provided for such. <u>Id.</u> The second proof of

service, dated April 20, 2009, stated:

> I declare under penalty of perjury that I served the summons and complaint on Chris Coleman by: (1) personally delivering a copy of each to the individual at this place, 410 Main St. Minden LA (Webster Parish LA.

<u>Id.</u> (errors contained in original). Chris Coleman then signed the server's signature

line and filled in his address (but did not print his name and title). <u>See id.</u> Thereafter,

Jackson filed a motion for default judgment, contending that "service of summons

was attempted and refused" and that the "summons was served a second time and was

3

received at the Webster Parish Courthouse in the office of the clerk of courts on April

21, 2009."   Record Document 7.   The clerk of court for the Western District of

Louisiana entered a default judgment against Webster Parish, which was later set

aside by this court.

The Webster Parish Police Jury asserts that (1) Jackson failed to actually serve

the summons and complaint as recited in his proof of service and (2) Jackson did not

properly serve the police jury under relevant procedural rules.   In support of its

contentions, the police jury has provided the affidavits of Holli Vining ("Vining")

and Ronda Carnahan ("Carnahan").   See Record Document 9, Exs. A and B.   Vining

is the clerk of court for Webster Parish and her affidavit states that she has not been

served with a summons and complaint in this lawsuit.   See id.   She further states that

she "has made due inquiry of the employees of the Webster Parish Clerk of Court's

office regarding receipt of summons and complaint" in this matter and that "those

employees deny receipt of a summons and complaint" for this case.   Id.   She

continues to state that she was "informed that on April 20, 2000 the security guard

at the front door of the Webster Parish courthouse brought to the Clerk's office the

attached document stating that it had been left at the front door by an unknown

person."   Id.   The document attached to Vining's affidavit is a letter written by

4

Jackson, which has been construed by this court as a complaint, along with various attachments. See id. One of the attachments to the letter is a handwritten page that states, in its entirety, "United States Court Western District of LA Civil Summons." Id.

Carnahan is the secretary-treasurer of the Webster Parish Police Jury and is the full-time administrator in charge of the office of the police jury. See Record Document 9, Ex. B. In her affidavit, she states that "[s]he has not received, at any time . . . a summons or other service of a complaint" in this matter. Id. She continues to state that she "has made due inquiry of the President and employees of the Webster Parish Police Jury who work in the office of the Police Jury in the Webster Parish Courthouse, 410 Main Street, Minden, Louisiana" and that "[t]hose employees and the President deny receiving . . . a summons or other service of a complaint" in this matter.[1] Id. She also states that "[t]o the best of her knowledge as the administrator

---

[1]The Webster Parish Police Jury is a state-created local government which must be served pursuant to Federal Rule of Civil Procedure 4(j)(2)(A) or 4(j)(2)(B). Both rules state that a state-created governmental organization must be served by (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for service a summons or like process on such a defendant. Article 1265 of the Louisiana Code of Civil Procedure provides that service is made "by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion." Neither of these methods were accomplished by Jackson.

of the Webster Parish Police Jury, the Notice of Entry of Default is the first notice that the Webster Parish Police Jury had of" the lawsuit. Id. As the defendant has demonstrated that proper service has not been made and Jackson, whose burden it is to prove service, has not countered with evidence indicating otherwise, Jackson's claims must be dismissed for insufficiency of service of process.

### III. CONCLUSION

Based on the foregoing analysis, the defendant's motion to dismiss for insufficient service of process (Record Document 14)² is **GRANTED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 2nd day of November ~~October~~, 2009.

_____
JUDGE TOM STAGG

---

²As previously mentioned, the second motion to dismiss filed by the police jury sought dismissal of Jackson's complaint for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The court notes that this argument, too, would have prevailed and would have resulted in Jackson's claims being dismissed. However, as the motion to dismiss for insufficient service is granted, the motion to dismiss for failure to state a claim (Record Document 13) is now **MOOT**.

6