U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAR 30 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

LEOTHA LEE JACKSON, SR.

versus                          CIVIL ACTION NO. 09-0479
                                    JUDGE TOM STAGG

WEBSTER PARISH

## MEMORANDUM RULING

Before the court are eight motions to dismiss filed by each of the remaining defendants in the above-captioned matter. See Record Documents 28, 29, 45, 47, 48, 53, 57 and 58. For the reasons stated below, and noting that the plaintiff has failed to oppose any of the eleven various pending motions,[1] the motions to dismiss are **GRANTED**.

## I. BACKGROUND

Plaintiff, Leotha Lee Jackson, Sr., on behalf of the estate of Cleothus Henderson ("Jackson"), filed suit against "Webster Parish of Louisiana," asserting

---

[1] Three motions to disqualify the plaintiff as counsel have also been filed. The court notes that these motions, too, would have prevailed. However, as the motions to dismiss are granted, the motions to disqualify (Record Documents 44, 46 and 52) are now **MOOT**.

"violations of the Constitution of the United States of America as it pertains to discriminations and land taking violations." Record Document 1. Although not mentioned in the complaint, in a motion for default judgment, Jackson requested judgment in the amount of "One Hundred Forty Six point Eight Billion Dollars ($146,008,000,000.00 in punitive and compensatory damages with twenty year leases to be established at twenty million ($20,000,000.00) annually." Record Document 7 (errors contained in original). Thereafter, the Webster Parish Police Jury filed two motions to dismiss, contending that (1) Jackson's complaint should be dismissed for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and (2) Jackson's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. See Record Documents 13 and 14. The Webster Parish Police Jury's motion to dismiss was granted for lack of proper service. See Record Documents 26 and 27. In the interim, Jackson sought and obtained leave to file an amended complaint, which added a number of defendants and allegations. See Record Documents 25, 30 and 31. All of the defendants added by the amended complaint have now filed motions to dismiss, asserting one or both of the following claims: (1) that Jackson lacks capacity to bring suit and the action should be

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (2) that Jackson has failed to state a claim upon which relief can be granted and the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LAW AND ANALYSIS

As stated, all of the remaining defendants have filed the instant motions to dismiss, arguing one or both bases for dismissal of Jackson's claims. Although either of the arguments would prove successful and result in dismissal of the claims, the following analysis will focus upon the contention that Jackson lacks standing to assert the claims.

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. See Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proof that jurisdiction exists. See <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir. 1980). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional issue prior to addressing any attacks on the merits. See <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only it if appears certain that the plaintiff cannot

prove any set of facts in support of his claim that would entitle plaintiff to relief." Id. (citation omitted).

The standing doctrine is a threshold inquiry to adjudication, which defines and limits the role of the judiciary. See McClure v. Ashcroft, 335 F.3d 404, 408 (5th Cir. 2003) (citation omitted). A plaintiff must have standing for a federal district court to have subject matter jurisdiction to address the merits of the case. When ruling on a motion to dismiss for lack of standing, the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501, 95 S. Ct. 2197, 2206 (1975). The court is not, however, required to accept allegations unsupported by the facts, legal conclusions or unwarranted deductions. See Rios v. City of Del Rio, Tex., 444 F.3d 417, 421 (5th Cir. 2006).

Federal Rule of Civil Procedure 17(b)(3) provides that the capacity to sue or be sued is to be determined in this case by the law of the state where the court is located. See Fed. R. Civ. P. 17(b)(3). Louisiana Code of Civil Procedure article 665 provides, in pertinent part, that "the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or

of his succession, while the latter is under administration." La. Code Civ. P. art. 665. In his complaint, Jackson asserted that he is an heir to the "Henderson Estate," that he has been "given the duty of administration under the law," and that he has been "given General Power of Attorney by the executor of the Henderson estate." See Record Document 1, Ex. A at 2. Jackson also attached documents to his complaint that purported to designate him as the agent for Bobby Lee Henderson and to attempt to show Bobby Lee Henderson as the executor of the Cleothus Henderson estate. See id. at 7.

The defendants, however, assert that Bobby Lee Henderson was simply one of twenty heirs placed in possession of naked ownership of undivided interests in certain property. In support of this contention, the defendants attached a certified copy of the entire record of the Succession of Cleothus Henderson from the 26th Judicial District Court in Webster Parish, Louisiana. See Record Document 45, Ex. B.[2] Nowhere in this record is Bobby Lee Henderson appointed as the succession representative. In addition, the defendants provided a certified copy of the entire

---

[2]"The court need not convert a Rule 12(b)(1) motion into a motion for summary judgment when it considers matters outside of the pleadings." Caddell v. United States, 61 F. App'x 918 (5th Cir. 2003) (citation omitted).

record of the Succession of Willis Henderson from the same court. See id., Ex. C. This record indicates that the succession of Willis Henderson has never been closed and that Reverend Hendo Irving L. Henderson was qualified as administrator of that succession. See id.

Based on the evidence before the court, Bobby Lee Henderson has not been duly appointed and qualified as administrator of either Cleothus or Willis Henderson's succession, nor has Jackson been appointed or qualified as administrator of either succession. The defendants, therefore, have demonstrated that Jackson lacks standing to bring this suit. Jackson has not countered with evidence indicating otherwise. It was Jackson's burden to prove that this court has subject matter jurisdiction over his claims by illustrating that he has standing to bring the claims before this court. See Menchaca, 613 F.2d at 511. Jackson has not met his burden. Therefore, his claims must be dismissed for lack of standing.[3]

---

[3]The court notes that the defendants' alternative contentions that Jackson failed to state a claim upon which relief could be granted would also have been meritorious had standing been found to exist. Neither the complaint or the amended complaint identified any specific person, transaction or time as pertinent to Jackson' claims, and both documents failed to allege any specific act of civil rights violations by any of the named defendants.

## III. CONCLUSION

Based on the foregoing analysis, the motions to dismiss (Record Documents 28, 29, 45, 47, 48, 53, 57 and 58) are **GRANTED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 30th day of March, 2010.

JUDGE TOM STAGG